**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| VERNA IP HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:25-cv-12917-WGY |
| v. | ) | |
| | ) | |
| ONPAGE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR EQUITABLE REFORMATION OF PATENT ASSIGNMENT AND, IN THE ALTERNATIVE, FOR LEAVE TO AMEND, WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff Verna IP Holdings, LLC, a Texas limited liability company ("Verna Texas" or "Plaintiff"), moves under the Court's equitable powers and Texas law for reformation of the written assignment dated October 11, 2023 (the "Assignment"), by which Verna IP Holdings, LLC, a New Mexico limited liability company ("Verna New Mexico"), transferred U.S. Patent No. 11,403,932 (the "'932 Patent") and related patents to Verna Texas. Plaintiff asks that the Assignment be reformed so that its effective date is October 24, 2023, the date on which the Texas Secretary of State filed Verna Texas's certificate of formation, with the assignor, the assignee, and every other term left unchanged. In the alternative, Plaintiff moves under Fed. R. Civ. P. 15(a)(2) and 28 U.S.C. § 1653 for leave to file a First Amended Complaint pleading the chain of title. Because Defendant OnPage Corporation's pending motion (Dkt. 25) turns on the Assignment's date, Plaintiff asks that this motion be heard with Dkt. 25 on September 28, 2026, or on such schedule as the Court directs. Pursuant to Local Rule 7.1(b)(1), Plaintiff's memorandum of reasons is set out below.

## I. INTRODUCTION

OnPage's motion to dismiss rests on a single proposition: that the Assignment is void because Verna Texas "did not exist" on October 11, 2023, thirteen days before the Texas Secretary of State filed its certificate of formation. Dkt. 26 at 4–5; Dkt. 37 at 1. Plaintiff disputes that the thirteen-day gap defeats title, for the reasons stated in its opposition (Dkt. 31 at 4–7), and does not abandon them here. But the Federal Circuit has told district courts what to do when the writing that evidences a patent assignment does not match the parties' actual agreement: reform it. *See Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1074 (Fed. Cir. 2020). A reformed assignment "was effective when made, not as of the date of the reformation," and "it suffices that reformation occurred before judgment was entered in the infringement action." *Id.* at 1074–75.

The facts supporting reformation are simple and, on this record, undisputed. The same two individuals, Luis Ortiz and Kermit Lopez, owned Verna New Mexico and own Verna Texas in equal shares. On September 18, 2023, they resolved in writing to move the company from New Mexico to Texas and to continue the same business under the same name. On October 11, 2023, they submitted Verna Texas's formation paperwork to the Texas Secretary of State and, the same day, executed the Assignment transferring the '932 Patent to the Texas entity they were forming. The Secretary of State filed the certificate on October 24, 2023. Verna New Mexico was dissolved on October 22, 2023, and had no debts. No one other than Verna Texas has claimed the '932 Patent since. The only mismatch between the writing and the agreement is the date: the parties intended Verna Texas to take title as the continuation of the business once it existed in Texas, and the instrument bears the date the paperwork was signed rather than the date the entity was filed. That is the mutual mistake Texas law permits a court to correct.

Plaintiff has filed the same motion, on the same declarations, in *Verna IP Holdings, LLC v. Singlewire Software, LLC*, No. 3:25-cv-00072-wmc (W.D. Wis.), Dkt. 36 (filed Mar. 6, 2026), and in *Verna IP Holdings, LLC v. Clearly IP*, No. 1:26-cv-261 (E.D. Wis.). Both motions are pending. OnPage's reply notes the Singlewire filing and observes that Plaintiff had not sought the same relief here. Dkt. 37 at 1 n.1. Plaintiff should have brought that motion to this Court's attention in its opposition and now does so, and asks the Court to grant the same relief.

## II. STATEMENT OF FACTS

The facts below are drawn from the Declarations of Luis Ortiz and Kermit Lopez submitted with this motion (Exhibits 1 and 2), and from the documents attached to them.

1. Luis Ortiz and Kermit Lopez were the sole members and managers of Verna New Mexico, each holding a fifty-percent interest and sharing equally in its profits and losses. They are the sole members and managers of Verna Texas on the same terms. Ex. 1 ¶ 2; Ex. 2 ¶ 2.

2. On September 18, 2023, the members of Verna New Mexico adopted a written resolution to change the company from a New Mexico limited liability company to a Texas limited liability company. Ex. 1 ¶¶ 3, 5, 9 & Ex. A; Ex. 2 ¶¶ 3, 5, 9 & Ex. A. As of that date Messrs. Ortiz and Lopez had agreed to form Verna Texas and to transfer the '932 Patent from Verna New Mexico to Verna Texas. Ex. 1 ¶ 9; Ex. 2 ¶ 9.

3. On October 11, 2023, Messrs. Ortiz and Lopez submitted to the Texas Secretary of State the paperwork to form a Texas limited liability company named Verna IP Holdings, LLC. Ex. 1 ¶¶ 5, 10 & Ex. C; Ex. 2 ¶¶ 5, 10 & Ex. C.

4. The same day, October 11, 2023, Messrs. Ortiz and Lopez executed the Assignment transferring the '932 Patent from Verna New Mexico to Verna Texas. Ex. 1 ¶ 6 & Ex. D; Ex. 2 ¶ 6 & Ex. D. The Assignment was recorded with the United States Patent and Trademark Office on

December 7, 2023, at Reel/Frame 065802/0898. Dkt. 29-1; Dkt. 37 at 3 (acknowledging that the recorded Assignment "includes the sole asserted patent in this case").

5. On October 22, 2023, the New Mexico Secretary of State dissolved Verna New Mexico. Ex. 1 ¶ 7; Ex. 2 ¶ 7. As of October 11, 2023, Verna New Mexico had no debts. Ex. 1 ¶ 13; Ex. 2 ¶ 13.

6. On October 24, 2023, the Texas Secretary of State filed the certificate of formation of Verna Texas. Ex. 1 ¶¶ 4, 5 & Ex. B; Ex. 2 ¶¶ 4, 5 & Ex. B; Dkt. 29-2.

7. From October 11, 2023 forward, it was the intent and understanding of both members that the '932 Patent had been assigned from Verna New Mexico to Verna Texas, and both have treated Verna Texas as the owner of the '932 Patent since that time. Ex. 1 ¶¶ 8–12; Ex. 2 ¶¶ 8–12. No other person or entity has asserted ownership of the '932 Patent.

8. Plaintiff filed this action on October 7, 2025, alleging that it "owns the '932 patent by assignment." Dkt. 1 ¶ 6. OnPage moved to dismiss under Rule 12(b)(1) on March 19, 2026, contending that the Assignment is void because Verna Texas was not yet a filed Texas limited liability company on October 11, 2023. Dkt. 25, 26. Plaintiff opposed (Dkt. 31); OnPage replied (Dkt. 37); the motion is set for hearing on September 28, 2026.

## III. LEGAL STANDARD

### A. State law governs the assignment and its reformation; federal law does not bar the remedy.

A patent may be assigned only by "an instrument in writing." 35 U.S.C. § 261. But "there are no form or content requirements for the written instrument specified in the statute," and who holds legal title "is determined by state law." *Schwendimann*, 959 F.3d at 1071–72 (citing *Enovsys LLC v. Nextel Commc'ns Inc.*, 614 F.3d 1333, 1342 (Fed. Cir. 2010)). "Construction of patent assignment agreements is a matter of state contract law." *Id.* (quoting *Euclid Chem. Co. v. Vector*

*Corrosion Techs., Inc.*, 561 F.3d 1340, 1343 (Fed. Cir. 2009)). The Federal Circuit has held that state-law reformation principles "apply with equal force" to the writings that satisfy § 261: "We see nothing in § 261 or our case law interpreting the statute that specifies the type of writing that is necessary to convey an assignment of patent rights, nor do we see any reason why state law contract principles, including those pertaining to reformation, would not apply with equal force to such writings." *Id.* at 1074; see also *Akazawa v. Link New Tech. Int'l, Inc.*, 520 F.3d 1354, 1357 (Fed. Cir. 2008) (state law governs how title to a patent passes).

The Assignment was executed to be operative in Texas to transfer property to a Texas entity; Texas law governs its interpretation and reformation. *See Schwendimann*, 959 F.3d at 1072 (applying the law of the state where the assignment took place); Dkt. 26 at 5 n.1 (OnPage acknowledging that Texas law applies under Plaintiff's position).

**B. Texas law permits reformation to conform a writing to the parties' antecedent agreement.**

Under Texas law, a court may reform a written instrument to correct a mutual mistake in reducing the parties' agreement to writing. "[R]eformation requires two elements: (1) an original agreement; and (2) a mutual mistake, made after the original agreement, in reducing the original agreement to writing." *Cherokee Water Co. v. Forderhause*, 741 S.W.2d 377, 379 (Tex. 1987). The original agreement must be "definite and explicit," *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 382 (Tex. 1965), and the mistake must be common to both parties, *Nat'l Resort Cmtys., Inc. v. Cain*, 526 S.W.2d 510, 513 (Tex. 1975). The party seeking reformation must show clear proof of the antecedent agreement and of the error in committing it to writing; parol evidence is admissible to prove both. *Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 748 (5th Cir. 2011); *Wilcox v. Wild Well Control, Inc.*, 794 F.3d 531, 541 (5th Cir. 2015); *Balfour Beatty Rail, Inc. v.*

*Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 400–01 (N.D. Tex. 2016), *aff'd as modified and remanded*, 725 F. App'x 256 (5th Cir. 2018).

## IV. ARGUMENT

### A. The Assignment should be reformed to bear an effective date of October 24, 2023.

#### 1. The antecedent agreement is definite, explicit, and documented.

The agreement that preceded the Assignment is not a matter of inference. On September 18, 2023, the two members of Verna New Mexico resolved in writing to convert the company into a Texas limited liability company and to carry on the same business, under the same name, in Texas. Ex. 1 ¶¶ 3, 9 & Ex. A; Ex. 2 ¶¶ 3, 9 & Ex. A. The '932 Patent was the company's principal asset. The point of the redomiciliation was to have the Texas entity hold and monetize it. Ex. 1 ¶¶ 9–10; Ex. 2 ¶¶ 9–10. Both members so testify, and the resolution, the Texas formation filing submitted on October 11, 2023, and the Assignment executed that day all point in the same direction. There is no contrary evidence, and there is no other party to the agreement whose understanding could differ: Messrs. Ortiz and Lopez were the only members of the assignor and are the only members of the assignee. The agreement was that Verna New Mexico's patents would pass to Verna Texas as the continuation of the same business in Texas. That satisfies *Cherokee Water*'s first element.

#### 2. The writing misstates the agreement in one respect, and the mistake was mutual.

The Assignment correctly identifies the assignor and the assignee. It correctly identifies the patents. Its only defect is temporal. The members signed and dated it on October 11, 2023, the day they submitted the Texas formation paperwork, believing they were then vesting title in the Texas company they had resolved to form. Ex. 1 ¶¶ 5–6, 8; Ex. 2 ¶¶ 5–6, 8. The Secretary of State did not file the certificate until October 24, 2023. Ex. 1 ¶ 5; Dkt. 29-2. Their agreement was that

Verna Texas would own the '932 Patent as the Texas successor to Verna New Mexico; a writing that purports to make the transfer effective before the successor existed does not express that agreement. Both members labored under the same misunderstanding about when the Texas entity would come into existence relative to the date they placed on the instrument, and neither intended the date to carry legal significance apart from memorializing the transfer they had agreed upon. Ex. 1 ¶¶ 8–9; Ex. 2 ¶¶ 8–9. A mistake shared by every party to the writing is a mutual mistake.

Texas courts reform instruments in exactly this posture: where the parties' agreement is clear and the scrivener's rendering of it, whether a name, a description, or a date, fails to match. *See Champlin Oil*, 403 S.W.2d at 382. The correction requested here is the narrowest available. The parties stay the same. The patents stay the same. Every operative term stays the same. Only the effective date moves, from October 11 to October 24, 2023, so that the transfer takes effect on the first day the assignee indisputably existed as a Texas limited liability company.

**3. No equitable consideration weighs against reformation.**

Reformation is an equitable remedy, and equity asks whether anyone would be prejudiced by conforming the writing to the agreement. No one would. Verna New Mexico had no creditors on October 11, 2023, and was dissolved on October 22, 2023. Ex. 1 ¶¶ 7, 13; Ex. 2 ¶¶ 7, 13. No third party has claimed the '932 Patent. The recorded chain of title at the Patent Office already shows the transfer from Verna IP Holdings, LLC to Verna IP Holdings, LLC at the same Austin address. Dkt. 29-1. OnPage is an accused infringer, not a party to the Assignment or a competing claimant to the patent; its interest is in avoiding suit, which is not an interest equity protects against a technical defect in the timing of a transfer between two entities owned by the same two people. *Cf. Schwendimann*, 959 F.3d at 1073–75 (affirming reformation of a defective assignment over

the accused infringer's objection). Equity treats as done that which ought to have been done. *Taylor v. Longworth*, 39 U.S. 172, 177 (1840).

**B. As reformed, the Assignment establishes Plaintiff's title at the inception of this action, and reformation now is timely.**

OnPage's motion is built on *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304 (Fed. Cir. 2003), and *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359 (Fed. Cir. 2010), for the proposition that a plaintiff must hold "enforceable title to the patent at the inception of the lawsuit" and that a defect "cannot be cured" afterward. Dkt. 26 at 3, 5. The Federal Circuit has since addressed how those cases interact with reformation, and the answer disposes of OnPage's argument.

In *Schwendimann*, the plaintiff sued on a patent whose assignment to her had been recorded through a hand-altered copy of a different assignment. The district court found the instrument unenforceable as written, then reformed it under Minnesota law after the defendant moved to dismiss for lack of standing. The Federal Circuit affirmed. It held, first, that because the complaint alleged ownership by assignment and infringement, "there is no 'standing' issue to be decided," 959 F.3d at 1071 (citing *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235–36 (Fed. Cir. 2019)); second, that the only question was whether the plaintiff was the "patentee" under 35 U.S.C. § 281 when she filed, a question of state law; and third, that reformation answered it:

> When a court reforms a contract, it simply assures that the written instrument properly reflects the parties' agreement. The agreement was effective when made, not as of the date of the reformation. The written instrument requirement in § 261 does not define when the agreement occurs, it merely requires that some writing confirm the fact of assignment. By virtue of the reformation, the written instrument was corrected nunc pro tunc, to the point of the assignment.

*Id.* at 1074–75. The court then addressed *Paradise Creations* and *Gaia Technologies* by name: "Even putting aside the fact that both cases significantly predate *Lone Star* and the Supreme Court case law on which it relies, neither case involves a district court's reformation of a contract, to properly reflect a valid, pre-existing transfer agreement." *Id.* at 1075. *Abraxis* is "distinguishable for the same reasons." *Id.* at 1075 n.7. And the court held that "[w]hile the writing needed to satisfy § 261 had to be reformed, it suffices that reformation occurred before judgment was entered in the infringement action." *Id.* at 1075.

Every element of that holding applies here. Plaintiff's complaint alleges ownership by assignment and infringement. Dkt. 1 ¶¶ 6, 8. The transfer agreement between Verna New Mexico and Verna Texas was made in 2023, before this action was filed in October 2025; the writing that evidences it is the recorded Assignment, which also predates the complaint. Dkt. 29-1. Reformation corrects that writing's effective date to October 24, 2023, nearly two years before suit. Reformation before judgment suffices. The cases OnPage cites, *Paradise Creations* and *Abraxis*, involved no reformation of any writing and, as the Federal Circuit has explained, rest on a jurisdictional framing the court has abandoned. *Schwendimann*, 959 F.3d at 1071 & n.6, 1075 & n.7. OnPage's remaining authorities are district-court decisions in which no reformation was sought. *Authwallet, LLC v. CIBC Bank*, No. 7:24-CV-00065, 2025 WL 4056748 (W.D. Tex. Dec. 4, 2025); *Imperium (IP) Holdings, Inc. v. Apple Inc.*, No. 4:11-CV-163, 2012 WL 2995997 (E.D. Tex. June 4, 2012); *Blackbird Tech LLC v. ELB Elecs., Inc.*, No. CV 15-056, 2020 WL 5409052 (D. Del. Sept. 9, 2020).

Nor is this a *Gaia* or *Enzo* nunc pro tunc assignment, in which parties execute a new instrument after suit and declare it retroactive. *See Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 779–80 (Fed. Cir. 1996); *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093

(Fed. Cir. 1998). Plaintiff asks the Court to correct a writing that already exists and was recorded in 2023, so that it states the effective date the parties' agreement contemplated. The *Schwendimann* majority drew precisely that line: "The Hand-Altered copy is not a later license that the parties declare transferred rights as of some earlier effective date. The District Court's reformation of the writing simply confirmed the earlier written transfer of the license—both the transfer and the writing predated the filing of the lawsuit." 959 F.3d at 1075. So too here.

**C. Plaintiff's title did not depend on reformation, but reformation removes any doubt.**

Plaintiff maintains, as it argued in opposition to Dkt. 25, that the Assignment was effective when executed. Under Texas law, "an association of two or more persons to carry on a business for profit as owners creates a partnership, regardless of whether" the persons intend to create one or call it by that name. Tex. Bus. Orgs. Code § 152.051(b). From October 11, 2023, Messrs. Ortiz and Lopez were carrying on the business of Verna IP Holdings, LLC of Texas, for profit, as its owners, sharing profits and losses equally. Ex. 1 ¶¶ 2, 11–12; Ex. 2 ¶¶ 2, 11–12. A Texas partnership is an entity capable of holding property, and the association that became Verna Texas existed in that form when the Assignment was executed. Dkt. 31 at 5–7. Whether that argument prevails is a disputed question of Texas law and intent that cannot be resolved against Plaintiff on a motion. *See, e.g., Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 163 (1st Cir. 2007). Reformation makes it unnecessary to decide: with the effective date conformed to October 24, 2023, the assignee is a filed Texas limited liability company on the face of the instrument, and the argument OnPage builds on the thirteen-day gap falls away. Plaintiff files this motion, as it did in Wisconsin, out of an abundance of caution, so that the Court may resolve OnPage's motion on a corrected record rather than on a technicality.

**D. In the alternative, Plaintiff should be granted leave to amend.**

If the Court concludes that the complaint's allegation of ownership should be supplemented rather than the Assignment reformed, Plaintiff requests leave under Rule 15(a)(2) to file a First Amended Complaint pleading the facts set out in Part II above and the chain of title to the '932 Patent. Leave "shall be freely given when justice so requires," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. OnPage's reply faulted Plaintiff for requesting leave without a proposed pleading. Dkt. 37 at 3. Plaintiff will submit the proposed First Amended Complaint within seven days of the Court's direction, or on any schedule the Court sets. The case is at its outset; no scheduling order has issued and no discovery has been served. Dkt. 28 at 4. There is no prejudice to OnPage and no undue delay, and the amendment is not futile for the reasons given above.

Plaintiff further notes that the Rules independently foreclose the relief OnPage seeks. Rule 17(a)(3) provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Rule 21 provides that misjoinder or nonjoinder of parties "is not a ground for dismissing an action." And a dismissal for lack of jurisdiction does not operate as an adjudication on the merits, Fed. R. Civ. P. 41(b), so OnPage's request for dismissal *with prejudice* on jurisdictional grounds (Dkt. 26 at 1, 13) is unavailable in any event.

**V. CONCLUSION**

Plaintiff respectfully requests that the Court enter an order:

1. Granting this motion;

2. Reforming the October 11, 2023 Assignment from Verna IP Holdings, LLC, a New Mexico limited liability company, to Verna IP Holdings, LLC, a Texas limited liability company, recorded at USPTO Reel/Frame 065802/0898, so that (a) the parties to the Assignment remain unchanged, and (b) the effective date of the Assignment is October 24, 2023, the date the Texas Secretary of State filed the certificate of formation of Verna IP Holdings, LLC;

3. Declaring that, as reformed, the Assignment transferred all right, title, and interest in U.S. Patent No. 11,403,932 from Verna IP Holdings, LLC (New Mexico) to Verna IP Holdings, LLC (Texas) effective October 24, 2023, and that Plaintiff held title to the '932 Patent when this action was filed on October 7, 2025;

4. In the alternative, granting Plaintiff leave under Fed. R. Civ. P. 15(a)(2) and 28 U.S.C. § 1653 to file a First Amended Complaint within seven days;

5. Denying Defendant's Motion to Dismiss under Rule 12(b)(1) (Dkt. 25) or holding it in abeyance pending resolution of this motion, and denying Defendant's request for dismissal with prejudice; and

6. Granting such other relief as the Court deems just.

Dated: September 25, 2026

Respectfully submitted,

RAMEY LLP

*/s/ William P. Ramey, III*

William P. Ramey, III (admitted pro hac vice)
Texas Bar No. 24027643
446 Heights Blvd., Suite 200
Houston, Texas 77007
(713) 426-3923
wramey@rameyfirm.com

Derek H. DePetrillo (BBO No. 670303)
Consumer Rights Law Firm, PLLC
133 Main Street, 2nd Floor
North Andover, MA 01845
(978) 212-3300
attorneyderekd@consumerlawfirmcenter.com

*Attorneys for Plaintiff Verna IP Holdings, LLC*

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), the undersigned certifies that on September 23-24, 2026, counsel for Plaintiff conferred by email with counsel for Defendant, Cook Alciati, in a good-faith attempt to resolve or narrow the issues presented by this motion. Defendant opposes the motion.

*/s/ William P. Ramey, III*
William P. Ramey, III

**CERTIFICATE OF SERVICE**

I certify that on September 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ William P. Ramey, III*
William P. Ramey, III